# NO. 12-18-00245-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *LEONARD GLENN FIORI,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator Leonard Glenn Fiori, an inmate acting pro se, filed this original proceeding requesting that we order Anderson County to quash the indictment against him and clear the detainer against him.[1]  We deny the writ.

### BACKGROUND

Relator states that he is serving a twenty-five-year sentence for theft resulting from a 1994 conviction in Dallas County and that Anderson County subsequently charged him with possession of a controlled substance in 2015.  Relator states that he was appointed counsel and that his counsel filed a motion to suppress, which remains pending.  He further states that he was released on bond, but arrested in Collin County in 2017 for felon in possession of a firearm, for which he was later convicted and sentenced to eight years in prison.  Relator maintains that he then learned of the detainer in Anderson County and contacted his court appointed counsel, but received no reply.  Relator states that he filed a motion for speedy trial in Anderson County on February 20, 2018.  He was bench warranted in April 2018, but was not picked up because of rescheduling, and in May 2018, he was again bench warranted and appointed new counsel.  He wrote his attorney on May

---

[1] Respondent is the Honorable C. Michael Davis, Judge of the 369th District Court in Anderson County, Texas.  The Real Party in Interest is the State of Texas.

23, 2018 to express his willingness to negotiate a plea agreement, but has not received a response. He contends that the time limit to grant his right to a speedy trial expired on August 20.

Attached to Relator's petition for writ of mandamus is (1) a copy of his motion for speedy trial, which is not file marked, and (2) a copy of his August 7, 2018 request to prison officials seeking the agency policy behind his ineligibility for S-2 status. In his motion, Relator requested a speedy trial to be set on or before August 15, 2018 or that the detainer and prosecution be dismissed for denial of his constitutional right to a speedy trial.

According to Relator, he cannot participate in education classes, is not eligible for S-2 status, and may not be granted parole, all because of the detainer against him. He further contends that if he is released, he is subject to being rearrested because of the detainer, which will create further hardship for his family. Thus, Relator seeks dismissal of the Anderson County charge and voidance of the detainer.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*. The relator must also furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

## AVAILABILITY OF MANDAMUS

To obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Thomas*, No. 12–05–00261–CV, 2005 WL 2155244, at *1 (Tex. App.–Tyler Sept. 7, 2005, orig. proceeding) (mem. op.). However, a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id*.

2

In the present case, Relator failed to provide this Court with any trial court documents to establish a pending proceeding in Anderson County or that are otherwise pertinent to his request for mandamus relief. *See* TEX. R. APP. P. 52.7(a); *see also **In re Howard***, No. 12-13-00238-CR, 2013 WL 6388477, at *1 (Tex. App.—Tyler Dec. 4, 2013, no pet.) (mem. op., not designated for publication) (relator seeking ruling on motion for speedy trial and/or to dismiss indictment or detainer failed to provide documents establishing pendency of trial court proceedings). Even assuming a proceeding is pending, Relator indicates that he is represented by counsel. Relator is not entitled to hybrid representation and a trial court may disregard any pro se motions filed by a defendant who is represented by counsel. *See **Robinson v. State***, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also **In re Adkins***, No. 12-15-00135-CR, 2015 WL 3505202, at *1 n.1 (Tex. App.—Tyler June 3, 2015, no pet.) (mem. op., not designated for publication).

Moreover, Relator has not shown that his motion for speedy trial was brought to Respondent's attention. The motion is not file-stamped; thus, the record does not indicate if or when the motion was filed with the district clerk. Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that the trial court has not ruled on his motion. *See **In re Creag***, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also **In re Vasquez***, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion). A relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it. ***Chavez***, 62 S.W.3d at 228. Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.

<u>**DISPOSITION**</u>

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 3, 2018

NO. 12-18-00245-CR


**LEONARD GLENN FIORI,**
Relator
V.

**HON. C. MICHAEL DAVIS,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Leonard Glenn Fiori; who is the relator in Cause No. 369-CR-17-33067, in the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on September 14, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4